UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAURA LEIGH, | ) | 3:13-cv-00006-MMD-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| KEN SALAZAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff's emergency motion for a temporary restraining order (#2). Plaintiff seeks to halt a roundup begun this date, January 4, 2013, in the Owyhee Herd Management Area ("HMA") in the Owyhee Complex. Plaintiff asserts that absent court action, the roundup will conclude before the next court business day, Monday, January 7, 2013.

The court may issue a temporary restraining order ("TRO")

1

pursuant to Federal Rule of Civil Procedure 65. The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Thus, in order to obtain a TRO, plaintiff must show: (1) she will probably prevail on the merits; (2) she will likely suffer irreparable injury if relief is denied; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiff still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). "Serious questions are those which cannot be resolved one way or the other at the hearing on the injunction." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 926-27 (9th Cir. 2003) (internal quotation marks omitted) (citing *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos*, 862 F.2d at 1362.

"An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation

marks omitted).

Plaintiff brings her claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq. Judicial review of plaintiff's claims is governed by 5 U.S.C. § 706.

Under 5 U.S.C. § 706(2), the court must set aside agency decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A),(D). Although the review of an agency decision is "searching and careful," the "arbitrary and capricious standard is narrow" and the court cannot substitute its judgment for the agency. *Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 858 (9th Cir. 2005) (internal quotation marks omitted). "This deferential standard is designed to 'ensure that the agency considered all of the relevant factors and that its decision contained no 'clear error of judgment.'" *Pac. Coast Fed'n of Fishermen's Ass'n, Inc. v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028, 1034 (9th Cir. 2001). In deciding whether an agency violated the arbitrary and capricious standard, the court must ask whether the agency "articulated a rational connection between the facts found and the choice made." *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1236 (9th Cir. 2001). A decision that is "inconsistent with a statutory mandate or that frustrate[s] the congressional policy underlying a statute" cannot be upheld. *Ocean Advocates*, 402 F.3d at 859. Under § 706(2), the court has the authority to enjoin agency action that is not in accordance with law.

Under the Wild Free-Roaming Horse and Burros Act ("Wild Horse Act"), 16 U.S.C. §§ 1331 et seq., the Bureau of Land Management

3

must immediately remove "excess" wild horses, which are those that "must be removed from an area in order to preserve and maintain a thriving natural ecological balance and multiple-use relationship in that area." 16 U.S.C. §§ 1332(f), 1333(b)(2). Excess horses must be "humanely captured and removed." 16 U.S.C. § 1333(b)(2)(iv)(B) "[H]umane treatment" is defined as "handling compatible with animal husbandry practices accepted in the veterinary community, without causing unnecessary stress or suffering to a wild horse or burro." 43 C.F.R. § 4700.0-5(e). Inhumane treatment is defined as "any intentional or negligent action or failure to act that causes stress, injury, or undue suffering to a wild horse or burro and is not compatible with animal husbandry practices accepted in the veterinary community." *Id.* § 4700.0-5(f).

In applying the factors required by *Winter*, 129 S. Ct. at 374, and *Alliance for the Wild Rockies*, 632 F.3d at 1134-35, in deciding whether a TRO should issue, the court finds and concludes as follows:

1. Plaintiff has shown serious questions going to the merits of her claims that the horses previously and presently being rounded up in the Owyhee HMA are suffering inhumane treatment and that BLM's determination that an additional 39 horses must be removed from the Owyhee HMA may not be a proper excess determination.

2. Plaintiff has demonstrated an immediate threat of irreparable harm if the status quo is not maintained, that is, the further inhumane treatment of the wild horses as well as a roundup of horses that may not be excess.

4

3. The potential harm to defendants if a TRO is issued is the temporary suspension of gather activities, which may be resumed at a later point, particularly in light of the fact the defendants allegedly took a break for the holidays from December 24, 2012, to today. The potential harm to plaintiff in the absence of the TRO will be further inhumane treatment of the wild horses. The balance of hardships thus tips sharply in plaintiff's favor.

4. The public interest is served when actions are taken to prohibit inhumane treatment of wild horses.

Accordingly, the plaintiff's emergency motion for a temporary restraining order and for order shortening time (#2) is hereby granted. Defendants shall immediately cease and halt all wild horse gathers at the Owyhee Complex, including the one currently ongoing at the Owyhee HMA, and the BLM shall not transport horses from the Owyhee HMA, until the court has had an opportunity to hear this matter.

Defendants shall file opposition briefs on or before noon on Tuesday, January 8, 2013. Plaintiff shall file any reply on or before noon on Wednesday, January 9, 2013. On Monday, January 7, 2013, the court will issue a minute order setting a hearing for next week.

IT IS SO ORDERED.

DATED: This 4th day of January, 2013.

UNITED STATES DISTRICT JUDGE