UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA LEIGH,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KEN SALAZAR, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:13-cv-00006-MMD-VPC<br><br>(Plf.'s Motion to Amend – dkt. no. 52;<br>Defs.' Motion for Judgment on the<br>Pleadings – dkt. no. 55) |

## I.　INTRODUCTION

Before the Court is Plaintiff's Motion to Amend Complaint (dkt. no. 52) ("Second Motion to Amend") and Defendants' Motion for Judgment on the Pleadings (dkt. no. 55). For the reasons discussed below, Plaintiff's Second Motion to Amend is granted and Defendants' Motion for Judgment on the Pleadings is denied as moot.

## II.　BACKGROUND

Plaintiff Laura Leigh filed her initial Complaint on January 4, 2013. (Dkt. no. 1.) The same day, Plaintiff filed an Emergency Motion for a Temporary Restraining Order. (Dkt. no. 2.) The Court granted the Motion on a temporary basis (dkt. no. 7) and then denied the Motion after subsequent briefing (dkt. no. 15). On January 10, 2013, Plaintiff filed a Motion for Preliminary Injunction. (Dkt. no. 14.) The Court set a hearing date for the Motion for Preliminary Injunction, which the parties jointly asked to postpone multiple times. (See dkt. nos. 21, 25, 26.) The Motion was heard and denied on August 21, 2013 (dkt. no. 51), followed by a written order on August 27, 2013 (dkt. no. 53).

Plaintiff filed a Second Emergency Motion for a Temporary Restraining Order on August 9, 2013 (dkt. no. 31), and a Third Emergency Motion for a Temporary Restraining Order on August 14, 2013 (dkt. no. 36). The Court denied the Second Emergency Motion on August 21, 2013 (dkt. no. 51), and denied the Third Emergency Motion following a hearing on August 16, 2013 (dkt. no. 49).

Plaintiff first moved to amend the complaint on August 9, 2013. (Dkt. no. 30.) The Court denied the Motion for failure to comply with procedural requirements and granted Plaintiff leave to file a motion that complies with Local Rule 15-1. (Dkt. no. 51.) Plaintiff filed her Second Motion to Amend on August 22, 2013, and Defendants filed their Motion for Judgment on the Pleadings on September 5, 2013. On September 27, 2013, the parties filed a proposed discovery plan and scheduling order. (Dkt. no. 61.)

### III.   LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15 — to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The party opposing the amendment bears the burden of showing prejudice. *Id.* at 187.

## IV. DISCUSSION

Defendants identify two new claims in Plaintiff's proposed amended complaint — Plaintiff's proposed third and fourth claims — and argue that both are prejudicial to Defendants. (Dkt. no. 54 at 8.) Defendants first argue that both claims are prejudicial because of Plaintiff's undue delay in filing her Second Motion to Amend. However, both parties have repeatedly caused delay in this case by filing numerous joint requests for continuance. Defendants, therefore, cannot demonstrate that Plaintiff has created undue delay.

In regards to Plaintiff's proposed fourth claim, asserting a First Amendment violation, Defendants additionally argue that it "does not contain sufficient factual allegations to satisfy the *Iqball/Twombly* pleadings standard." (*Id.* at 9.) The question of whether the fourth claim is sufficiently pled is not properly dealt with in a motion to amend. While a motion to amend can be denied for futility, Defendants have not made that argument nor met that burden here. See *Bellanger v. Health Plan of Nev., Inc.*, 814 F. Supp. 914, 916 (D. Nev. 1992) ("[L]eave to amend need not be granted if the proposed amended complaint would [be] subject to dismissal."); see also *Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) (internal citation omitted) ("[C]ourts have discretion to deny leave to amend a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")

Defendants have not met their burden of demonstrating that they are prejudiced by Plaintiff's Motion to Amend. The Court therefore grants Plaintiff's Second Motion to Amend. Defendants' Motion for Judgment on the Pleadings seeks to dismiss the existing claims in the operative complaint. (*See* dkt. no. 55 at 9.) Because the Amended Complaint will replace the complaint that was operative at the time Defendants filed their Motion for Judgment on the Pleadings, Defendants' Motion is denied as moot.

///

///

///

## V. CONCLUSION

It is therefore ordered that Plaintiff's Motion to Amend (dkt. no. 52) is granted.

It is further ordered that Defendants' Motion for Judgment on the Pleadings (dkt. no. 55) is denied as moot without prejudice.

DATED THIS 12th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE